IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOSEPH FELIX BROWN                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO.3:08cv666-FKB

NIKESHA WEBB, et al.                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on three motions: The motion for summary judgment filed by Defendants Jackie Parker, Ernest Hall, Earnestine Swiney, Arnette Mack, and Laticha Swiney [50] (the CMCF defendants); the motion for summary judgment filed by Defendants Pamela Holman-Johnson and Sarah Shahbaz (the MSP defendants); and the motion to dismiss for insufficient service of process filed by Defendants Nikesia Webb and Samantha Gonzalez [61]. An order of reference to the undersigned was previously entered herein, and the parties have consented to exercise of jurisdiction by the undersigned. Having considered the motions, the court concludes that the motions for summary judgment should be granted and that this entire action should be dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

Plaintiff is a convicted state inmate who during the relevant time periods was incarcerated at Central Mississippi Medical Center (CMCF) and the Mississippi State Prison (MSP). Defendants are medical personnel and other prison officials at these institutions. Plaintiff brought the present § 1983 action alleging an Eighth Amendment claim for denial of necessary medical supplies. In his complaint, as amended, he alleges that prison officials have refused to provide him

with necessary medical supplies for his urinary and bowel incontinence.  At the *Spears*[1] hearing, he testified that he is without incontinence supplies "most of the time."  He also complained that prison officials do not provide him with sufficient opportunities for showering and cleaning after he soils himself.

The motions for summary judgment are supported by several affidavits, prisoner supply records from the MSP setting out the provision of incontinence supplies to Brown, and Brown's medical records from the MSP.  These records and affidavits establish the following:  At both CMCF and at MSP,  Plaintiff was enrolled in the chronic care program for management of asthma, hepatitis C, and a seizure disorder.  Plaintiff also suffers from urinary and bowel incontinence as a result of a spinal cord injury sustained prior to his incarceration, and he has been diagnosed with bipolar disorder with psychotic features.  At both facilities, Plaintiff has been regularly supplied his prescribed incontinence supplies once a week.   These supplies included external condom catheters, tape, and wipes.  Furthermore, the records indicate a pattern of behavior consistent with what medical professionals describe as an excessive psychological need for attention, manifested by complaints that he has no supplies and by demands for more, when in fact he is in possession of sufficient supplies. For example, on one occasion while at MSP, Plaintiff threatened to kill himself because he was allegedly without incontinence supplies and was lying in his own feces.  He was evaluated by a social worker, who noted that Brown had spread feces all over his cell, including the ceiling.  A search of the cell revealed him to be in possession of an abundance of the medical supplies, which he appeared to have been hoarding.   Prison notes further indicate that, after the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

search, Plaintiff threw his supplies out of the cell and urinated on them.  The affidavit of Pamela Holman-Johnson, a nurse practitioner at MSP who was personally responsible for Plaintiff's medical assessments and for the ordering of his supplies, gives detailed descriptions of repeated incidents of unwarranted demands for supplies.  She also describes an incident in which Plaintiff cut his forehead with a razor in an attempt to get a type of catheter other than the one prescribed for him.  Medical notes during Plaintiff's period at MSP describe Plaintiff as exhibiting dependency behaviors with threats of self-harm and disruption, such as setting fires.  Notes also indicate that during one period of time Plaintiff was demanding three showers per day for religious reasons.  The notes documenting this type of behavior are consistent with Plaintiff's own statements in his filings with the court: He states that on one occasion when he needed supplies, he swallowed a razor blade and took an overdose of pills in order to be taken to the hospital where he could obtain supplies; he further claims that when he ran out of supplies two days later, he cut his wrist in order to return to the hospital for more supplies.

Where the wrong alleged is a denial of medical care, a prisoner must establish deliberate indifference to serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Proof of deliberate indifference requires the prisoner to show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).  Because Plaintiff has not responded to Defendants' motions for summary judgment, the only evidence of record in support of his claim consists of the general allegations set forth in the sworn complaint as amended and his testimony that officials do not provide him his

3

supplies. Given the overwhelming evidence of Plaintiff's pattern of behavior and of the prison's regular provision of his supplies, Plaintiff's evidence is insufficient to create a *genuine* factual issue as to deliberate indifference, *i.e.*, a reasonable fact-finder could not find in favor of Plaintiff. A party "cannot defeat a motion for summary judgment merely by claiming some metaphysical doubt as to the material facts." *Thibodeaux v. Vamos Oil & Gas Co.,* 487 F.3d 288, 295 (5th Cir. 2007).

Accordingly, the court concludes that there is no genuine issue of material fact and that all Defendants are entitled to judgment as a matter of law. Furthermore, the court concludes that because there is no arguable basis in fact for Plaintiff's allegations, this action should be dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I). Because this entire action will be dismissed with prejudice, it is unnecessary to address the motion to dismiss for insufficient service of process. A separate judgment will be entered.

SO ORDERED this the 22nd day of October, 2010.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE